NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ZEKE L. BRYANT,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1496

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-642, Judge Coral Wong Pietsch, Judge Joseph L. Toth, Judge Scott Laurer.

---

Decided: August 23, 2023

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by AMY BETH KRETKOWSKI, Law Office of Amy B. Kretkowski, PLC, Iowa City, IA.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN

MISHA PREHEIM; EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, *Chief Judge*, LOURIE and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Zeke L. Bryant appeals the decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veteran's Appeals denial of compensation for his bilateral hearing loss. Because Mr. Bryant's appeal only raises disputes involving the application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Bryant served in the U.S. Army from 1965 to 1969 and from 1970 to 1973, during which he underwent several audiometric tests. In 2012, Mr. Bryant submitted a claim for service connection for tinnitus and hearing loss. In 2013, Mr. Bryant underwent a Veterans Affairs (VA) examination that showed he had bilateral hearing loss. The examiner opined that while his tinnitus was related to his military noise exposure, his hearing loss was less likely than not due to his active service.

The Board subsequently denied Mr. Bryant's appeal of his claim for service connection for hearing loss finding that "[t]he weight of the evidence [was] against a finding that the Veteran's bilateral hearing loss began during service, within one year of separation from service, or was otherwise caused by his active service." J.A. 117. The Board considered the various evidence including: Mr. Bryant's 1965 entrance examination; his 1969 separation examination which showed some hearing loss across all frequencies; his 1970 reenlistment examination which showed improvements in his hearing; his 1972 separation examination,

which showed slight hearing loss across all frequencies; his 1975 audiological test during his reserve service, which indicated improvements in his hearing abilities and that Mr. Bryant denied having any hearing loss[1]; his 2009 treatment records, which also indicated that Mr. Bryant denied he was experiencing hearing loss; and the examiner's report from the 2013 VA examination. The Board also noted that Mr. Bryant had "not submitted any medical evidence supporting his assertion that his bilateral hearing loss [was] due to his active service." J.A. 123.

The Veterans Court affirmed the Board's decision, rejecting Mr. Bryant's arguments that the 2013 VA exam was inadequate and that the Board did not comply with *Hensley v. Brown*, 5 Vet. App. 155 (1993). Mr. Bryant filed a motion for reconsideration or, alternatively, panel review. The Veterans Court granted the motion for panel review and the majority adopted the prior decision. The majority held that Mr. Bryant failed to demonstrate that (1) the prior decision overlooked or misunderstood a fact or point of law, or (2) there was any conflict with precedential decisions including *Hensley*. Judge Pietsch dissented stating that a panel decision on the merits should be issued to clarify the Court's holding in *Hensley*. Mr. Bryant now appeals. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."    38 U.S.C.

---

[1]    The Board observed that Mr. Bryant's 1965, 1969, 1970, 1972, and 1975 audiological test results did not indicate hearing loss for VA purposes.

§ 7292(a).  Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

On appeal, Mr. Bryant argues that the Veterans Court misinterpreted 38 U.S.C. § 1110 and failed to comply with its decision in *Hensley*.  In particular, Mr. Bryant contends that the Veterans Court misinterpreted § 1110 by not concluding that his service medical records and VA examination for hearing loss were sufficient to demonstrate that he had a "disability resulting from personal injury suffered . . . in [the] line of duty" as required by the statute.  In *Hensley*, the Veterans Court held that "when a disease was not initially manifested during service or within the applicable presumption period, 'direct' service connection may nevertheless be established by evidence demonstrating that the disease was in fact incurred or aggravated during the veteran's service." 5 Vet. App. at 158.  Mr. Bryant argues that the Veterans Court did not comply with *Hensley* because it affirmed the Board decision despite agreeing that Mr. Bryant has a current disability, experienced noise exposure in service, and has some service records showing hearing loss.

The government responds that we lack jurisdiction to hear this appeal because the Veterans Court did not interpret any statute or regulation but instead applied established law to the facts.  Specifically, the government asserts that reweighing or reconsideration of evidence is outside the scope of our jurisdiction.  Regarding § 1110, the government argues that the application of a statute to the particular facts of a case is generally outside of our jurisdiction.  As for Mr. Bryant's *Hensley* argument, the government argues that the Veterans Court did not violate *Hensley* because the Board did not deny Mr. Bryant service connection based on the fact that his hearing loss was normal at separation.  Instead, the Board found, and the Veterans Court affirmed, that his hearing loss was not caused

by his active service, a factual finding that Mr. Bryant disagrees with.

We agree with the government. We lack jurisdiction to entertain Mr. Bryant's appeal, which consists of challenges to the Veterans Court's review of the Board's factual determinations and its application of law to particular facts. The heart of Mr. Bryant's appeal involves a challenge to a factual finding—whether Mr. Bryant's post-service hearing loss diagnosed in 2013 was caused by his service, given all the relevant facts and considerations including the various pieces of medical evidence. Reviewing that evidentiary finding is outside of our jurisdiction. Mr. Bryant's appeal has not raised any questions that we have jurisdiction to review. As such, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.